FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **MARCO PEDRO ALONSO, #306865** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:23cv125** |
| | § | |
| **SHERIFF JIM SKINNER, ET AL.** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

*Pro Se* Plaintiff Marco Pedro Alonso filed the above-styled and numbered complaint pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

### I.  BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed the operative amended complaint against Collin County Sheriff Jim Skinner and Collin County Sheriff Deputies Caleb Kilhefner and Curtis Johnston (together, "Defendants"). Plaintiff's claims arise out of a warrantless search of Plaintiff's vehicle and subsequent arrest on January 10, 2022. (Dkt. #30). Plaintiff alleges Defendants conducted an illegal search and seizure, which resulted in him being unlawfully detained and incarcerated. (Dkt. #30, p. 3). As relief, Plaintiff seeks compensatory and punitive damages. (Dkt. #30, pp. 5, 8).

In connection with the January 10, 2022 search, Plaintiff was charged in both state and federal courts. On July 26, 2022, Plaintiff was charged in Collin County District Court in Case No. 416-82544-2022, with the manufacture or delivery of a controlled substance; but the case was dismissed on motion by the State on January 6, 2023. On December 14, 2022, the grand jury for

the United States District Court, Eastern District of Texas, Sherman Division, returned a one-count Indictment against Plaintiff for possession with intent to distribute methamphetamine, a violation of 21 U.S.C. § 841(a)(1). (Case No. 4:22-cr-00297-SDJ-KPJ-1 at Dkt. #1). On December 7, 2023, Plaintiff pled guilty to Count One of the Indictment. (Case No. 4:22-cr-00297 at Dkt. #51). The Court denied Plaintiff's motion to suppress evidence that was seized during a search of Plaintiff's vehicles. (Case No. 4:22-cr-00297-SDJ-KPJ-1 at Dkt. ##40, 41). Plaintiff is currently awaiting sentencing.

## II. SCREENING UNDER 28 U.S.C. § 1915A

Plaintiff is currently a prisoner, as such, his amended complaint is subject to preliminary screening and possible *sua sponte* dismissal under 28 U.S.C. § 1915A. *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A "institutes certain screening procedures once a complaint is received by a district court" and is "quite similar to the roles played by Federal Rules of Civil Procedure 11 and 12(b)(6)." *Id.* at 580 n.2; *see also Garcia v. Jones*, 910 F.3d 188, 190 (5th Cir. 2018) ("We review a dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim *de novo*, applying the same plausibility standard applicable to Federal Rule of Civil Procedure 12(b)(6) dismissals."). Pursuant to 28 U.S.C. § 1915A(b)(1), federal courts are mandated to preemptively screen prisoner complaints against government officials or entities to identify cognizable claims and dismiss the complaint or any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Hines v. Graham*, 320 F. Supp. 2d 511, 526 (N.D. Tex. 2004); *Davis v. Lamar Cnty. Jail*, No. 4:22-CV-612, 2023 WL 3069762, at *1 (E.D. Tex. Mar. 20, 2023), *report and recommendation adopted*, No. 4:22-CV-612, 2023 WL 3060776 (E.D. Tex. Apr. 24, 2023); *see also Coleman v. Tollefson*, 575 U.S. 532,

538-39 (2015) (noting the congressional focus on trial court screening of prisoner complaints and dismissal of claims that are frivolous, malicious, or fail to state a claim for relief).

Because Plaintiff is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), a court is empowered to dismiss an *in forma pauperis* case if it finds that the action is "frivolous or malicious." Under § 1915(e)(2)(B)(i), "[a] complaint is frivolous if it lacks an arguable basis in law or fact." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). "A complaint lacks an arguable basis in law if it is based in an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.* "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.*

In addition to dismissal for frivolousness, a court may also dismiss the suit for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Tracking the same language as Rule 12(b)(6) of the Federal Rules of Civil Procedure and applying the same standards, § 1915(e)(2)(B)(ii) provides for dismissal if, accepting the plaintiff's factual allegations as true, it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Hale v. King*, 642 F.3d 492, 497-99 (5th Cir. 2011). Although a *pro se* plaintiff's pleadings must be read more liberally than those filed by an attorney, the complaint must nonetheless allege sufficient facts to demonstrate to the court that the plaintiff has at least a colorable claim. *See Bustos v. Martini Club, Inc.*, 599 F.3d 458, 465-66 (5th Cir. 2010).

### III. ANALYSIS

Plaintiff's § 1983 claims could be barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. . . . Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87; *see also Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995).

A favorable judgment in this action would call into question the validity of Plaintiff's conviction in his federal criminal case, Case No. 4:22-cr-00297-SDJ-KPJ-1. It is premature, however, to determine whether *Heck* bars Plaintiff's civil rights claims because courts have generally not extended *Heck*'s holding to a civil rights action where the plaintiff's criminal case has not ended. *See, e.g.*, *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (any claim related to rulings likely to be made in a pending criminal trial should be stayed until the criminal case has ended); *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (reiterating that in accordance with *Heck*, "district courts should stay § 1983 cases that may implicate the validity of pending criminal proceedings until those underlying proceedings have run their course"); *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007) (noting the court had "refused" to extend the application of *Heck* to pending criminal matters and citing the Supreme Court's ruling in *Wallace*, 549 U.S. at 384); *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (finding the record was not clear if the plaintiff had been tried or convicted, and it was "premature" to determine if his claims were barred by *Heck*); *see also Cummings v. Webb*, No. 4:20-CV-207-SDJ-CAN, 2020 WL 8484872, at *2 (E.D. Tex. Dec. 22, 2020), *report and recommendation adopted*, No. 4:20-CV-207-SDJ, 2021 WL 489119 (E.D. Tex. Feb. 10, 2021); *Coulter v. Lynn*, No. 3:22-CV-01384-X (BT), 2022

WL 18715781, at *3 (N.D. Tex. Dec. 12, 2022), *report and recommendation adopted*, No. 3:22-CV-1384-X-BT, 2023 WL 1997782 (N.D. Tex. Feb. 14, 2023).

Although Plaintiff has pled guilty in his federal criminal case, that case has not ended. Plaintiff has not been sentenced. He has not yet had a chance to appeal. Simply put, Plaintiff's conviction is not yet final. Thus, it is premature for the Court to determine whether *Heck* bars Plaintiff's civil rights claims, and those claims should be stayed until his pending federal criminal case has run its course. *See Coulter*, No. 3:22-CV-01384-X (BT), 2022 WL 18715781, at *3 (finding it was premature to apply the *Heck*-bar because, although a jury found the plaintiff guilty in his criminal case, the case had not ended as sentencing was several months away and the plaintiff had filed at least eight motions challenging the jury's verdict); *Profit v. Ouachita Parish*, 411 F. App'x 708, 709 (5th Cir. 2011) (per curiam) (noting with approval the district court stayed a civil case attacking the legality of the detainee's arrest, prosecution, and detention pending the resolution of the criminal charges); *see also Hunter v. Watkins*, 2015 WL 505430, at *4 (N.D. Tex. Jan. 22, 2015) (finding a conviction on the pending state criminal charge would implicate *Heck*, and it was appropriate to recommend a stay of the remaining civil rights claims pending resolution of the criminal charges), *report and recommendation adopted*, 2015 WL 509360 (N.D. Tex. Feb. 6, 2015).

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends the Court: (1) stay and, at the District Court's discretion, administratively close this civil case until Plaintiff's federal criminal proceeding in Case No. 4:22-cr-00297-SDJ-KPJ-1 is completed; and (2) instruct Plaintiff to file a notice with the Court every six months regarding the status of the underlying criminal case; and,

if administratively closed, Plaintiff should further be instructed to file a "motion to reinstate" this case, if appropriate, within thirty days from the date the federal criminal case is completed.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 15th day of February, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE